(No. 89-CC-0629—)

A. WAYNE MORIE-BEY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed May 29, 1991.*

A. WAYNE MORIE-BEY, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (ARLA ROSENTHAL, Assistant Attorney General, of counsel), for Respondent.

## ORDER

RAUCCI, J.

This cause coming on to be heard on the Motion of Respondent to dismiss the instant claim, due notice having been given the parties hereto, and the Court being fully advised in the premises, the Court finds:

That Claimant herein seeks recovery for injuries he sustained on June 2, 1988, due to the alleged negligence of agents and employees of the Department of Corrections. Claimant alleges that the employees of the Department of Corrections violated their duty to protect Claimant from sustaining injuries due to an attack by other inmates.

At the time of the attack, Claimant alleges that he was assigned to the job of phone clerk on two gallery, in cell-house Unit-F. Claimant alleges that he gave the phone to an inmate to use and while waiting for him to finish observed two other inmates take the phone and bring it to cell 227. Claimant alleges that he informed the inmate in cell 227 that it was not his turn to use the phone. Claimant acknowledges in his complaint that there was a crowd of about ten to fifteen inmates gathered around cell 227 at the time Claimant told the man that it was not his turn to use the phone.

Claimant alleges that at the time he asked for the phone back, an inmate hit Claimant in the back of the head knocking him to the floor. Further, that as soon as Claimant hit the floor, the inmates began stabbing him. At this time, employees of the Department of Corrections fired warning shots into the air in an attempt to disburse the fight. Claimant was found guilty of willingly and knowingly participating in a dangerous disturbance in violation of DOC Rule 504 A, Section 105.

Corrections Officer Harris indicated that he observed inmate Jones physically assaulting and stabbing an unidentified inmate. Investigator J. Sanders indicated in his report that inmates Wrice, Carter, Hunter, Morie-(Bey), Howard and Freeman received emergency medical treatment resulting from their participation in a dangerous disturbance. Inmates Wrice, Howard, Morie-(Bey), Carter and Freeman were issued a Disciplinary Report for violation of Department Rule 504, Section 105; "Dangerous Disturbance." The allegation of aggravated battery by Inmate Jones was substantial against him and was referred to the Will County State's Attorney Office for consideration of criminal prosecution.

Section 790.60 of the Court of Claims Regulations and section 25 of the Court of Claims Act (Ill. Rev. Stat. 1987, ch. 37, par. 439.24—5) requires that any person who files a claim before the Court of Claims shall, before seeking final determination of his claim by this Court, exhaust all other remedies and sources of recovery whether administrative, legal or equitable. The Court finds that it was incumbent upon Claimant, A. Wayne Morie-Bey, to exhaust such remedies and sources of recovery before seeking final determination of his claim by the Court of Claims. In this case, Claimant

should pursue any remedy or recovery from the inmates who participated in the dangerous disturbance, including inmates Jones, Wrice, Carter, Hunter, Howard, Freeman or any other inmate that could have possibly stabbed or assaulted the Claimant.

We find that the Claimant never pursued any possible remedies from the inmates who were also charged with participating in a dangerous disturbance in violation of DOC Rule 504, Section 105. It was incumbent on said Claimant to exhaust all other remedies or sources of recovery before seeking final determination of his claim by this Court.

Section 790.60(a) of the Court of Claims Regulations entitled ("General Continuance") mandates that "Any complaint filed or pending in the Court of Claims shall be continued generally * * * until the final disposition of all other claims or proceedings arising from the same occurrence or transaction."

Section 790.90 of the Court of Claims Regulations, entitled "Dismissal," mandates that "Failure to comply with the provisions of sections * * * 790.60 (Section 790.60 of the Court of Claims Regulations) * * * shall be grounds for dismissal."

It is therefore ordered that the motion of Respondent be, and the same is, hereby Granted, and Claimant's claim is hereby dismissed.